IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

DANIEL MIKE CHAVEZ,

        Plaintiff,

v.

DAVID R. ROBINSON; LISA MOORE,

        Defendants.

Civ. No. 1:11-cv-03025-AA

**OPINION & ORDER**

AIKEN, District Judge.

This matter comes before the Court on separate Motions to Dismiss filed by Defendant David R. Robinson and Defendant Lisa Moore. ECF Nos. 50, 52. The Court heard oral argument on both motions on April 10, 2018. ECF No. 67. For the reasons set forth below, the motions are GRANTED in part and DENIED in part. The First Amended Complaint, ECF No. 49, shall be dismissed with leave to amend.

## BACKGROUND

As the parties observed at oral argument, this case has a convoluted history. For the sake of clarity, the Court has divided its summary of the factual and procedural background into separate sections dealing in turn with the underlying state criminal case and then the federal civil rights case.[1]

---

[1] Although district courts ordinarily may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, they may take judicial notice of documents referenced in the complaint, pleadings from other relevant proceedings, as well as matters in the public record, without converting a motion to dismiss into one for summary judgment. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). Both Chavez and Defendants urge this Court to take judicial notice of documents related to Chavez's state court conviction in

Page 1 – OPINION & ORDER

## I. The State Court Criminal Conviction and Appeal

### A. The Original Indictment, Conviction, and Sentence

On May 22, 2008, a grand jury issued an indictment against Plaintiff Daniel Mike Chavez in Klamath County Circuit Court Case No. 0800999CR. Halley Decl. Ex. 1. The indictment alleged the following seven counts:

1. Felony Attempted Sexual Abuse in the First Degree against "D.l.d.," committed February 10, 2007. Halley Decl. Ex. 1, at 1.
2. Felony Attempted Sexual Abuse in the First Degree against "K.j.t.," committed February 10, 2007. *Id.*
3. Felony Attempted Sexual Abuse in the First Degree against "S.f.p.," committed October 1, 2006. *Id.*
4. Misdemeanor Private Indecency against "K.j.t.," committed on October 1, 2006. *Id.* at 2.
5. Misdemeanor Private Indecency against "S.f.p.," committed on October 1, 2006. *Id.*
6. Felony Sexual Abuse in the First Degree against "D.l.d.," committed February 10, 2007. *Id.* at 1.
7. Felony Sexual Abuse in the First Degree against "S.f.p.," committed on October 1, 2007. *Id.*

Counts 6 and 7, both alleging Felony Sexual Abuse in the First Degree, were subsequently dismissed. Halley Decl. Ex. 1, at 1.

On March 20, 2009, a jury convicted Chavez of Counts 1, 3, 4, and 5, but acquitted Chavez on Count 2. Halley Decl. Ex. 2. On April 28, 2009, Chavez was sentenced to sixty months of probation for Count 1, eighteen months in prison for Count 3, with sixty months of post-prison supervision, and thirty days in jail for Counts 4 and 5. Halley Decl. Ex. 3. Chavez was also required to register as a sex offender. As part of his probationary sentence for Count 1, Chavez was ordered to:

---

*State v. Chavez*, Klamath County Circuit Court Case No. 0800999CR. These documents include the original indictment, jury verdict, and judgment from 2009, as well as Chavez's subsequent plea of no-contest and judgment from 2014. Naumes Decl., ECF No. 51; Halley Decl., ECF No. 60. No party has objected to the submissions and the Court concludes that the documents are appropriate subjects for judicial notice.

> Submit to and pay for evaluation by an approved sex offender program. If deemed eligible, defendant shall enter, participate in, successfully complete and pay for such treatment at the direction of the probation officer. The sex offender program, and the terms of the program, are to be designated by defendant's probation officer.

Halley Decl. Ex. 3, at 2.

The post-prison supervision imposed on Count 3 had a similar requirement. ORS 144.102(4)(b) requires the parole board or supervisory authority to impose certain special conditions for supervision in sex offense cases, including:

> Entry into and completion of or successful discharge from a sex offender treatment program approved by the board, supervisory authority or supervising officer. The program may include polygraph and plethysmograph testing. The person is responsible for paying for the treatment program.

ORS 144.102(4)(b)(F).

### B. Probation, Post-Prison Supervision, and Sex Offender Treatment

Chavez timely filed an appeal of his conviction and sentence. Chavez served out his prison term before his appeal was resolved and the appeal remained pending when Chavez returned to Klamath Falls and began to serve his term of probation and post-prison supervision. Defendant Lisa Moore was assigned as Chavez's probation officer and Moore was responsible for monitoring Chavez's compliance with both his probation and post-prison supervision, including the mandatory sex offender treatment. Moore directed Chavez to attend the sex offender treatment program provided by Defendant David R. Robinson.

As part of the sex offender treatment program, Robinson required that Chavez admit to the conduct underlying his convictions. The terms of the sex offender treatment program also permitted Robinson to share anything Chavez said in treatment with Moore. Chavez had consistently maintained his innocence and believed that his pending appeal was both meritorious and likely to reverse his convictions. Chavez feared that if he made the admissions required by

Robinson, those statements would be used against him following remand from the Oregon Court of Appeals. Chavez refused to admit the conduct underlying his convictions and invoked his Fifth Amendment right against self-incrimination.

Chavez was sanctioned three times during the course of his supervision, allegedly for his refusal to admit the offense conduct as part of his sex offender treatment. The first two sanctions were imposed in June 2010 and August 2010. On September 1, 2010, the state court issued an order granting Chavez immunity for any statements he made about his offense conduct in the course of sex offender treatment.[2] Chavez was sanctioned a third time in March 2011.[3] The record concerning these sanctions is extremely sparse, but it appears that Chavez was jailed for violating either the terms of his probationary sentence under Count 1 or the terms of his post-prison supervision under Count 3.[4] The record does not clearly indicate the length of these sanctions, nor does it contain any details about the specific reasons for the sanctions.

---

[2] On August 11, 2010, Chavez's criminal defense attorney sought an order staying the imposition of sex offender treatment on Fifth Amendment grounds pending the resolution of Chavez's appeal. ECF No. 2-1. The state court's subsequent grant of immunity has not been submitted to this Court, although it was submitted to the Ninth Circuit as part of Chavez's appeal in *Chavez v. Robinson*, 817 F.3d 1162, 1165 n.1 (9th Cir. 2016), Ninth Circuit Case No. 14-35384, Docket Entry No. 23. The parties referenced the order granting immunity during oral argument and there appears to be no dispute about the authenticity of the order. The Court therefore follows the example of Ninth Circuit in finding that this document is a proper subject for judicial notice.

[3] In an earlier filing, ECF No. 7, Chavez submitted a copy of a "Violation and Structured Sanction Reporting Form," signed by Moore and dated March 22, 2011. The document explains that Chavez had been terminated from sex offender treatment for refusing to admit the offense conduct and for bringing this federal civil rights action against Robinson and Moore. The form showed that Moore imposed a jail sanction based on Chavez's failure to comply with sex offender treatment requirements and indicates that Chavez had been sanctioned on two prior occasions.

[4] The record does not clearly establish what sort of process was involved in the imposition of sanctions. In an earlier filing entitled "Additional Information," ECF No. 7, Chavez alleged that he was taken immediately to jail for refusing to make the required admissions. According to Chavez: "I was told by the hearings officer (Dennis Hershey) that if I wished to have the hearing that I would have to stay incarcerated for 45-90 days, and that I would likely not be appointed an attorney so it would be best to accept the sanction. I did so but refused to waive my right to address the parole board with an opposition to the sanction. I did so but the Board refuses to respond thereby obstructing the only due process to the higher courts." The reference to a "hearings officer" implies some sort of process was involved, but Chavez also alleged that he was denied a hearing because his sanction lasted less than forty-five days.

### C. Chavez's State Court Appeal and Remand

On February 15, 2012, the Oregon Court of Appeals reversed Chavez's conviction based on the prosecution's concession of error and remanded the case to the Klamath County Circuit Court. *State v. Chavez*, 248 Or. App. 260 (2012).

On remand, Chavez entered into a plea petition in which he agreed to enter a plea of no contest to Count 1 of the indictment. Naumes Decl. Ex. 2. In exchange, the prosecution agreed to dismiss Counts 3, 4, and 5, and to recommend a sentence of time served with a requirement that Chavez register as a sex offender. *Id.*

On February 13, 2014, the state court accepted Chavez's plea of no contest to Count 1 and dismissed all other counts pursuant to the plea agreement. Naumes Decl. Ex. 1. The judgment required that Chavez register as a sex offender, but is otherwise silent as to penalties. *Id.*

## II. The Federal Civil Rights Action

Chavez initially filed this action on March 9, 2011, shortly before his third jail sanction and nearly a year before the Oregon Court of Appeals issued its ruling on Chavez's appeal. ECF No. 2. On April 3, 2014, Senior District Judge Panner *sua sponte* dismissed Chavez's complaint with prejudice based, in part, on qualified immunity. ECF Nos. 13, 14.

Chavez appealed and, on April 15, 2016, the Ninth Circuit reversed the judgment of dismissal. *Chavez v. Robinson*, 817 F.3d 1162 (9th Cir. 2016). The Ninth Circuit acknowledged that this case "raises serious questions about the scope of Fifth Amendment protections for probationers undergoing sex offender treatment," but the procedural posture of the case necessarily narrowed the scope of the federal appeal to whether qualified immunity was an appropriate consideration during IFP screening. *Id.* at 1165. The Ninth Circuit did not,

therefore, reach the merits of Chavez's claims. *Id.* at 1169-70 ("Given the nature of Chavez's claims and the limited record on appeal, we decline to reach the remaining issues raised by the parties, including the merits of the qualified immunity defense.").

Following remand, the case was reassigned to this Court. ECF No. 25. At Chavez's request, pro bono counsel was appointed and the operative First Amended Complaint ("FAC") was filed on December 27, 2017.[5] ECF Nos. 30, 38, 49. These motions followed.

## LEGAL STANDARD

Where a plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). In order to state a viable claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This means a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations taken as true. *Rosen v. Walters*, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

---

[5] The Court wishes to express its sincere gratitude to Mr. James F. Halley for agreeing to accept pro bono appointment as counsel for Chavez. Pro bono representation is an often thankless burden, but too many meritorious cases never see the light of day and many more would falter without the selfless efforts of Mr. Halley and the other volunteer attorneys on the Court's pro bono panel. They are a credit to the profession.

## DISCUSSION

Chavez brings a single claim against Moore and Robinson for violation of his rights against self-incrimination under the Fifth Amendment and to due process under the Fourteenth Amendment. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

### I. Mootness

A federal court does not have jurisdiction "'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1985)). "'A claim is moot if it has lost its character as a present, live controversy.'" *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1172-73 (9th Cir. 2009) (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997)). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S.165, 172 (2013). "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* (internal quotation marks and citation omitted).

Defendants argue that there is no justiciable controversy in this case because Chavez pled no contest to Count 1 of the indictment following remand from the Oregon Court of Appeals.

Defendants assert that the no contest plea entailed the forfeiture of Chavez's right to avoid self-incrimination, rendering this case moot and depriving this Court of jurisdiction.

The allegations of the FAC and the contents of the judicially noticed exhibits do not support Defendants' argument. Chavez was initially convicted of Counts 1, 3, 4, and 5. Chavez was sentenced to probation for Count 1 and to prison with a term of post-prison supervision on Count 3. Both the Count 1 probation and the Count 3 post-prison supervision involved the imposition of sex offender treatment, but the offenses are not factually or legally interchangeable. Counts 1 and 3 allege different conduct, with different victims, occurring on different dates. On remand, Chavez pleaded no contest to Count 1 and the State agreed to dismiss Counts 3, 4, and 5. Chavez was sentenced to register as a sex offender and no additional penalties were imposed.[6]

The fundamental basis of Chavez's claim is that he was sanctioned by Defendants for exercising his Fifth Amendment rights with respect to the conduct underlying his convictions for all four counts, not merely for Count 1. It is true that, under Oregon law, a plea of no contest entails the forfeiture of the right to avoid self-incrimination in the same way as a plea of guilty. ORS 135.385(2)(a)(C). It might, therefore, also be true that Chavez's claim is moot as to any sanctions imposed on Count 1, but the record does not reveal whether Chavez's jail sanctions stemmed from his probation under Count 1 or his post-prison supervision under Count 3. Indeed, Defendants assert that there is no "principled" way to distinguish between the sanctions. Chavez, meanwhile, has argued that the lack of any probation violation hearings in the state

---

[6] The record is somewhat unclear on this point. Chavez's plea petition indicates that he agreed to plead no contest to Count 1 in exchange for a recommended sentence of time served and registration as a sex offender. Naumes Decl. Ex. 2, at 2. The judgment of conviction on remand orders Chavez to register as a sex offender, but contains no reference to a sentence of time served, or probation, or any other additional penalty. Naumes Decl. Ex. 1, at 2.

court record is strong evidence that all of the sanctions were imposed pursuant to the post-prison supervision imposed on Count 3, which was ultimately dismissed following remand.

In practical terms, the distinction between sanctions imposed under Count 1 or under Count 3 is inconsequential. Chavez alleges that he was terminated from sex offender treatment and subjected to sanctions for refusing to admit to the conduct underlying *all* of his convictions, not merely the conduct underlying Count 1. Defendants do not suggest that Chavez would have been allowed to remain in treatment or that he would have been spared sanctions if he had been willing to admit the offense conduct for Count 1, but not for Counts 3, 4, and 5. Nor would such a suggestion be plausible because, as far as Defendants were concerned, Chavez had been validly convicted of all four counts.

At this time and on this record, the Court concludes that Chavez's claim is not moot.

## II.   Failure to State a Claim

The Fifth Amendment provides that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. The right exists to protect individuals from being subjected to the "cruel trilemma of self-accusation, perjury, or contempt." *Chavez v. Martinez*, 538 U.S. 760, 767 (2003) (internal quotation marks and citation omitted). A Fifth Amendment claim is, however, subject to substantially different analyses, depending on whether it is considered in the civil or the criminal context. *United States v. Antelope*, 395 F.3d 1128, 1140-41 (9th Cir. 2005). When the right is invoked in the criminal context, such as in a motion to suppress, a defendant must show that "(1) the testimony desired by the government carried the risk of incrimination; and (2) that the penalty he suffered amounted to compulsion." *Id.*395 at 1134 (citations omitted).

If this were a criminal case in which the prosecution was attempting to admit or rely on statements coerced from Chavez, the Court's analysis would follow the elements laid out above. But, as the Ninth Circuit observed in *Antelope*, courts must be alive to the "simple principle that the scope of the Fifth Amendment's efficacy is narrower when used as a sword in a civil suit than when used as a shield against criminal prosecution." *Id.* at 1141. In order to state a civil claim under the Fifth Amendment, a plaintiff must show that the authorities somehow coerced or compelled him into making an incriminating statement and then used that statement against him in a criminal case. *See Chavez*, 538 U.S. at 763-67 (plurality decision rejecting a Fifth Amendment claim under § 1983 because, although the police had coerced the plaintiff into making incriminating statements, no criminal action was ever brought against him); *see also Stoot v. City of Everett*, 582 F.3d 910, 924-27 (9th Cir. 2009) (finding that a Fifth Amendment claim had "ripened" when a coerced confession was used to initiate and maintain a criminal case against the plaintiff); *Farmer v. Youhas*, 525 F. App'x 547, 548 (9th Cir. 2013) (finding no Fifth Amendment claim when the plaintiff's incriminating statements were not used against him in a criminal proceeding); *Ferry v. Doohan*, Case No. 3:18-cv-00153-AC, 2018 WL 1173425, at *5 (D. Or. Mar. 6, 2018) ("[I]n the absence of criminal prosecution, Plaintiff cannot obtain damages under § 1983 for the alleged violation of his Fifth Amendment self-incrimination rights because no criminal charges have been pursued against him.").

Here, the FAC does not clearly allege that Chavez ever made the incriminating statements demanded by Robinson and Moore. Nor does it clearly allege that any incriminating statement was ever used against Chavez in a criminal proceeding, such as in his re-prosecution following remand. The broad grant of immunity issued by the state court makes such a use

unlikely.[7] Without the use of a coerced statement in a criminal case, the FAC simply fails to state a claim for violation of the Fifth Amendment under § 1983.

Nor does the FAC clearly state a claim for violation of Chavez's Fourteenth Amendment due process rights. The Supreme Court has held that "deprivations of liberty caused by the most egregious official conduct may violate the Due Process Clause." *Chavez*, 538 U.S. at 774 (internal quotation marks and citation omitted). This is a high bar, however, and "the official conduct most likely to rise to the conscience-shocking level is the conduct intended to injure in some way unjustifiable by any government interest." *Id.* at 775 (internal quotation marks and citation omitted).

In this case, the sanctions imposed by Moore and Robinson stemmed from Chavez's refusal to admit the conduct underlying his convictions as part of a sex offender treatment program. In *McKune v. Lile*, 536 U.S. 24 (2002), the Supreme Court held that sex offender treatment is a compelling state interest, considered vital to rehabilitation. *Id.* at 32-36; *see also Antelope*, 395 F.3d at 1137-38 (noting, in the criminal context, the rehabilitative purpose of requiring offenders undergoing treatment to admit past misconduct). Although, as in *McKune*, there was a possibility that any information Chavez disclosed in treatment would be provided to the authorities (at least prior to the grant of immunity), there is "no contention . . . that the program is a mere subterfuge for the conduct of a criminal investigation." *McKune*, 536 U.S. at 34. Under these circumstances, the Court cannot conclude that the allegations contained in the

---

[7] The fact that Chavez's refusal to make the incriminating statement was potentially used in probation or post-prison supervision sanction proceedings will not satisfy this requirement. "It is well settled that the government need not make the exercise of the Fifth Amendment privilege cost free." *McKune v. Lile*, 536 U.S. 24, 41 (2002). Both the Supreme Court and the Ninth Circuit have emphatically held that probation and supervised release revocations are not "criminal cases" within the meaning of the Fifth Amendment. *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984); *United States v. Hulen*, 879 F.3d 1015, 1019-20 (9th Cir. 2018). Rather, they are considered part of the matrix of punishment imposed pursuant to the original conviction. *Hulen*, 876, F.3d at 1020; *Ferry v. Doohan*, Case No. 3:18-cv-00153-AC, 2018 WL 1173425, at *4 (D. Or. Mar. 6, 2018).

FAC constitute the sort of egregious and conscience-shocking behavior that would give rise to a Fourteenth Amendment claim.

As the Court has concluded that the FAC, as currently pled, fails to state a claim for violation of Chavez's Fifth or Fourteenth Amendment rights, the Court does not reach the other issues raised by the Defendants in their motions. The Court concludes, however, that Chavez's claim might be saved by the allegation of additional facts. Dismissal shall therefore be with leave to amend.

## CONCLUSION

For the reasons set forth above, Defendants' Motions, ECF Nos. 50, 52, are GRANTED in part and DENIED in part. Plaintiff's First Amended Complaint is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint, should he choose to do so. Failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

It is so ORDERED and DATED this \_\_\_16th\_\_\_ day of April, 2018.

Ann Aiken
United States District Judge